UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL MARKS,

                Plaintiff,

    v.

STATE OF WASHINGTON ET. AL.,

                Defendants.

Case No. C18-5516-RBL-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT; AND ORDER STRIKING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis* by separate order. In light of the deficiencies in the complaint discussed herein, the undersigned will not direct service of the complaint at this time. Plaintiff may, by the date set forth below, either: (1) explain and show cause why the complaint should not be dismissed, or (2) file an amended complaint. The Court also notes that plaintiff has filed a motion for default judgment. Dkt. 5. That motion is hereby stricken without prejudice as premature. Plaintiff may re-file such motion if appropriate after his complaint is served.

<u>Screening Requirements</u>

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is

---

[1] Dkt. 1-1.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT; AND ORDER STRIKING MOTION FOR
DEFAULT JUDGMENT - 1

immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT; AND ORDER STRIKING MOTION FOR
DEFAULT JUDGMENT - 2

plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

<u>Plaintiff's Complaint</u>

Plaintiff's complaint purports to sue the State of Washington, the Department of Corrections (DOC), and John Doe Corrections Officers 1-20. Dkt. 1-1. Plaintiff's complaint form (Dkt. 1-1) does not provide any information regarding the substance of his claims but refers generally to roughly 200 pages of exhibits including grievances, incident reports, complaints and filings in a separate state court action, as well as some pages of narrative by the plaintiff. Dkt. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6. The exhibits appear to relate to at least five separate and distinct transactions or occurrences on different dates or time periods: (1) on and around July 20, 2016; (2) on and around July 27, 2016; (3) on and around October 29, 2016; (4) on and around January 22, 2015; and (5) on and around December 22, 2014. *Id.* The Court declines to order that plaintiff's complaint be served because it is deficient in several respects. The Court will first discuss the deficiencies of plaintiff's complaint as a whole and then will discuss more specific deficiencies with respect to each of the five separate transactions or occurrences referenced in plaintiff's exhibits.

**I.      Deficiencies in the Complaint as a Whole**

   *a. Improper Defendants*

Plaintiff names the State of Washington and the DOC, a state agency, as defendants in this action. States and state agencies are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989; *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). States and state agencies are

immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *McConnell v. Critchlow*, 661 F.2d 116 (9th Cir. 1981); *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the State of Washington and the DOC cannot be named as defendants.

      b. *"John Doe Corrections Officers" and Other Potential Defendants*

Plaintiff's complaint also names "John Doe Corrections Officers 1-20." While there are references to the names of various corrections officers and other DOC employees in some of plaintiff's attached exhibits such as in grievances and incident reports, as well as some of the narrative portions of his exhibits, plaintiff does not identify or name any of these individuals as defendants on his complaint form (Dkt. 1-1). As such, the Court is unable to determine who plaintiff is intending to name as defendants in this action. To the extent plaintiff is seeking to name any of the individual corrections officers or other individuals mentioned in his various attached exhibits as defendants, ***if he chooses to amend the complaint, then in his amended complaint plaintiff is directed to use Section III of the complaint form provided by the court – the Section with the title, "Parties to this Complaint" -- to identify each of the individual defendants who are sued in their individual capacity, and any defendant who is sued in his or her official capacity.***

      c. *Rule 8, Personal Participation, and Stating a Claim under §1983*

Plaintiff's complaint, as written, fails to comply with the requirements of Rule 8. As noted above, plaintiff's complaint form (Dkt. 1-1) does not provide any information regarding the substance of his claims but refers generally to roughly 200 pages of exhibits including

grievances, incident reports, complaints and filings in a separate state court action, as well as some pages of narrative by the plaintiff.

***If plaintiff files an amended complaint, plaintiff is directed to use Section IV "Statement of Claim" portion of the complaint form provided by the Court*** to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. NYC Dept. of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" (or "Jane Doe") defendants. ***If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim.*** Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff may attach extra sheets to the form provided by the Court if necessary. Furthermore, plaintiff may attach additional documents to support the facts of his claims but he

should specify which portion of the document(s) (i.e., page and paragraph) he is relying on to support the specific fact(s) of his claim(s). ***If plaintiff fails to adequately specify the portion of the supporting document(s), the Court may disregard the document(s).***

        *d. Exhaustion of Available Administrative Remedies*

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates are required to fully exhaust available administrative remedies; they also must exhaust those remedies in a timely manner; and they must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate is required to use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims by bringing grievances that are detailed and factual, including enough specifics to notify officials of the alleged harm. *Id*. at 1120.

In his complaint, plaintiff indicates that he has not filed grievances concerning the facts relating to this complaint because he is "not a attorney and has PTSD from stress disorder and is

unable to prosecute this claim." Dkt. 1-1, at 2. Yet some grievance forms plaintiff filed related to some of his claims are included amongst plaintiff's exhibits.

If he files an amended complaint, plaintiff should clarify whether or not he has filed grievances concerning the facts relating to any of the claims raised in his complaint and -- if he has not – he must explain in detail why he has failed to do so. He should also attach a copy of the final grievance resolution for any grievance filed concerning facts related to his claims.

## II. Events On or Around July 20, 2016 and July 27, 2016

### a. Excessive Force

Plaintiff submits several pages entitled "chronology of events 7-20-16 forward." Dkt. 1-3, at 20-25; Dkt. 1-6, at 20-23. The first section of this narrative states that on July 20, 2016, for reasons unknown to plaintiff, he was ordered by Sgt. Finn to "stand for search." Dkt. 1-3, at ¶¶ 1-15.

Plaintiff indicates he moved to Sgt. Finn's location and stood waiting to be searched. *Id.* After standing for 30 seconds, without being searched, Sgt. Finn ordered plaintiff back to his unit. *Id.* Plaintiff states he was confused and before he could react or move, "2 or 3 C/O's attacked me, one twisting my head and neck … meanwhile I was handcuffed with all the C/O's yelling 'STOP RESISTING', which I was not[.]" *Id.*

The corrections officers then lead plaintiff back toward the F-unit when his left leg gave out "and/or I was tripped." *Id.* On the way down, plaintiff alleges "a C/O kneed me in the stomach as hard as he could … my head and neck were again twisted." *Id.* Plaintiff states he fell to the ground and the corrections officers continued to "pummel" him. *Id.* Plaintiff indicates he was unable to walk and so was taken in a wheelchair to a holding cell in the IMU and "dumped" on the floor where he became unconscious. *Id.*

The Eighth Amendment governs post-conviction claims of excessive force. The core inquiry under the Eighth Amendment standard is whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The extent of the injury suffered by the plaintiff is a relevant but not dispositive consideration. *Hudson v. McMillian*, 503 U.S. at 7. While the Eighth Amendment does not reach *de minimis* uses of physical force, a claim is not foreclosed merely because the resulting injury was only minimal. 503 U.S. at 9-10; *Wilkins v. Gaddy*, 599 U.S. 34, 38-39 (2010).

In determining whether force is excessive, the court evaluates whether the defendants had a subjectively wanton state of mind when they engaged in the use of force, including considering the following factors: the need for the application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the defendants, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillan*, 503 U.S. at 7.

Plaintiff describes facts which may allege a potential claim for excessive force. However, plaintiff fails to name Sgt. Finn as a defendant. Also, plaintiff does not identify any of the corrections officers allegedly involved; he does not allege who took what action; he does not allege whether any person failed to take action if such person had a duty to act; and he does not allege any causal connection between acts or omissions of specific defendant(s), and a constitutional violation. Plaintiff attaches various grievance forms and incident reports which appear to relate to this event and which include the names of some corrections officers. However, plaintiff has not named any of these corrections officers as defendant(s) and he does not describe what he believes each person did (or failed to do) to cause a violation of his constitutional rights. Until plaintiff identifies defendant(s), acts or omissions of defendant(s), and

a causal connection between the acts and omissions and a constitutional violation, his complaint cannot go forward. Accordingly, plaintiff should provide this information with as much detail as possible in his amended complaint.

      *b. Medical Indifference*

The next section of plaintiff's narrative of events alleges that after he was left in his cell by the unnamed corrections officers and lost consciousness, he awoke in bed the next day, in a hospital, with tubes down his nose and throat. Dkt. 1-3, at ¶¶16-53. Plaintiff objects to the medical care he received both in the hospital as well as when he was returned to the prison. Plaintiff lists several individuals who it appears he believes failed to provide him with proper medical care. Specifically, plaintiff lists a male nurse at the hospital, an unnamed corrections officer, PA Light, Dr. Smith, RN Skinner and C.O. Dickerson. However, plaintiff fails to name these individuals as defendants in the action or specifically link their conduct to an alleged constitutional violation.

The Court also notes that plaintiff also attaches several incident reports related to events on July 27, 2016. Dkt. 1-6, at 9-18. The incident reports appear to indicate plaintiff was found on the floor convulsing and unresponsive, that several nurses and corrections officers entered, he was moved to the medical building and later admitted to the "IPU." *Id.* However, aside from attaching these incident reports, plaintiff fails to name any of the nurses or corrections officers as defendants and does not appear to make any specific allegations that his constitutional rights were violated in any way during this incident.

To state a constitutional claim for lack of medical care, a plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. A determination of deliberate indifference involves an examination of two elements: the

seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059.

Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Moreover, a plaintiff cannot succeed on the merits based on a claim of negligence or his own general disagreement with the treatment he has received. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

Plaintiff fails to properly identify a defendant and states insufficient facts to state a claim for medical indifference. In order to state a claim for medical indifference, plaintiff must properly identify a defendant or defendants and allege facts to establish that the defendant(s) knew of and disregarded an excessive risk to his health or safety.

    *c. Verbal Harrassment*

Plaintiff also alleges that unnamed corrections officers sang in his ear on one trip down the hallway to x-ray "in an attempt to annoy" him or use this as some kind of "PSYOPS." Dkt. 1-

3, at 22. Plaintiff should keep in mind that "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Plaintiff's description of these events, without more, does not establish a constitutional violation.

### d. Retaliation

Plaintiff also alleges that in "retaliation" for his "singing" in response to questioning by an unnamed corrections officer and unidentified woman, he was moved to an "F-unit" observation room which "reeked", the toilet was "funky" and the sink dirty and stained. Dkt. 1-3, at ¶¶31-32.

"A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)). These claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Id.* Finally, the prisoner must demonstrate that his first amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff fails to properly identify a defendant and states insufficient facts to state a claim for retaliation. To properly state a claim of retaliation, plaintiff must not only name the individuals and identify the constitutional activity in which he was engaged, he must also describe what retaliatory action each individual took, explain why the action did not advance legitimate penological goals, and describe how his First Amendment rights were actually chilled

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT; AND ORDER STRIKING MOTION FOR
DEFAULT JUDGMENT - 11

by the retaliatory action. If plaintiff intends to pursue this claim, he should include all of his factual allegations against any of the defendants relating to his claim or claims of retaliation in one section of his amended complaint.

    *e. Other Claims*

To the extent plaintiff intends to raise other claims with respect to July 20, 2016 and July 27, 2018, in his amended complaint he must allege facts sufficient to satisfy the five requirements for stating a claim set forth in Section I (c) (pages 4-5).

## III. Events On or Around October 17, 2016

In another section of the exhibits attached to his complaint, plaintiff contends he was harassed by his cell mate and, although he was told by his counselor he would not have to move from his cell, he was ordered to move to another cell on an upper level. Dkt. 1-6, at 20-30. Plaintiff contends he was recovering from surgery and believed he had an "HSR" indicating he needed to be assigned to a lower bunk on a lower tier. *Id.*

Plaintiff states he was infracted for refusing to change his cell assignment. *Id.* Plaintiff appears to take issue with these events but it is unclear to the Court exactly what rights he is alleging were violated. If plaintiff believes in good faith he has a basis to proceed with any claims related to this occurrence in his amended complaint he must allege facts sufficient to satisfy the five requirements for stating a claim set forth in Section I (c) (pages 4-5).

Plaintiff is further advised that if he believes he is able to cure these deficiencies and includes claims related to these events in his amended complaint, the Court may yet require the plaintiff to bring them in a separate action as they appear unrelated to the other claims in the complaint.

## IV. Events On or Around October 29, 2016

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT; AND ORDER STRIKING MOTION FOR
DEFAULT JUDGMENT - 12

Plaintiff submits various documents which appear to relate to a state court action in which plaintiff alleged his toilet overflowed and unidentified individuals failed to adequately clean his cell. Dkt. 1-2. However, plaintiff alleges nothing in narrative form with respect to *this* case nor does he identify what constitutional or federal statutory right he believes was violated.

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. To the extent plaintiff intends to challenge his conditions of confinement related to this incident as violating the Eighth Amendment, he must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*.

Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, "those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).

The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. "The more basic the need, the shorter the time it can be withheld." *Hoptowit*, 682 F.2d at 1259; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir.1995). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain

1  within the meaning of the Eighth Amendment." *Anderson*, 45 F.3d at 1314; *see also Johnson v.*
2  *Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000); *Hoptowit v.* 753 F.2d at 783.

3  If plaintiff intends to pursue this claim he cannot simply attach documents related to a
4  different lawsuit but must make any allegations in narrative form on the Court's complaint form
5  or (if there is insufficient space) on an additional sheet attached to that form. He should also
6  identify the individuals he believes are responsible as defendants and include all of his factual
7  allegations relating to his conditions of confinement against specifically named defendants in one
8  section of his amended complaint. He should also explain the conditions he is challenging in
9  detail and explain how he believes those conditions violated his rights.

10  Plaintiff is further advised that if he believes he is able to cure these deficiencies and
11  includes claims related to these events in his amended complaint, the Court may yet require him
12  to bring them in a separate action as they appear unrelated to the other claims in the complaint.

13  **V.      Events On or Around December 22, 2014, and January 21, 22, 2015**

14  Plaintiff attaches what appear to be documents also related to a state court action
15  indicating that on or around December 22, 2014, a corrections officer inadvertently hit plaintiff
16  in the mouth causing pain and swelling and that he was denied pain medication for his injuries.
17  Dkt. 1-2, at 34-44. Plaintiff also appears to allege that on January 21 or 22, 2015, he was
18  assaulted by another inmate and that he was subsequently provided inadequate medical care for
19  his injuries. Dkt. 1-3, at 1-19.

20  Plaintiff is advised that any claims related to these events appear to be untimely and
21  barred by the statute of limitations. Although the statute of limitations is an affirmative defense
22  which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte*
23  dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the

24

25  ORDER TO SHOW CAUSE OR AMEND THE
    COMPLAINT; AND ORDER STRIKING MOTION FOR
    DEFAULT JUDGMENT - 14

face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Here, it appears from the face of the complaint that the plaintiff had actual knowledge of the facts related to the claims alleged in December 2014 and January 2015 respectively. The time for filing a lawsuit expired three years later in December 2017 and January 2018. Plaintiff initially presented his motion to proceed *in forma pauperis* to the court on June 22, 2018, several months after the last possible date the statute of limitations expired with respect to claims arising from both of these incidents. Plaintiff has not shown statutory or equitable tolling is applicable in this case. Therefore, plaintiff must show cause why these claims should not be dismissed as untimely.

Plaintiff is further advised that if he believes he is able to cure these deficiencies and includes claims related to these events in his amended complaint, the Court may yet require him to bring them in a separate action as they appear unrelated to the other claims in the complaint.

## Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the complaint. The Court directs that plaintiff has a deadline -- **on or before November 23, 2018** -- plaintiff may either (1) show cause why his complaint should not be dismissed, or (2) he may file an amended complaint to cure, if possible, the deficiencies explained above. If he decides to file an amended complaint, it must be legibly rewritten or retyped in its entirety and contain the same case number, and it will completely replace the original complaint. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

If plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended

complaint is not filed on or before November 23, 2018 -- or if the amended complaint fails to adequately address the issues raised herein -- the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915, as frivolous or for failure to state a claim, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's motion for default judgment is also hereby stricken without prejudice as premature. Plaintiff may re-file such motion if and when appropriate after his complaint is served.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 24th day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge