# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PAUL MARKS,

            Plaintiff,

    v.

STATE OF WASHINGTON, et. al.

            Defendants.

Case No. C18-5516-RBL-TLF

ORDER GRANTING MOTION FOR EXTENSION, DENYING MOTION FOR COUNSEL, AND DIRECTING PLAINTIFF TO SHOW CAUSE

Plaintiff, a *pro se* prisoner housed at Coyote Ridge Corrections Center, has filed a motion requesting a stay of proceedings or an extension of time to file an amended complaint. Dkt. 10. Plaintiff's motion also seeks an order appointing him counsel. *Id.* Plaintiff has also filed a letter (Dkt. 4) requesting that he be permitted to file his court documents by mail, rather than electronically.

## Motion for a Stay or Extension of Time

By order dated October 24, 2018, this Court declined to serve plaintiff's complaint due to various deficiencies. Dkt. 9. The order directed plaintiff that he had a deadline of November 23, 2018, to either (1) file an amended complaint, or (2) show cause why the action should not be dismissed in light of the deficiencies in his complaint. *Id.* On November 13, 2018, plaintiff filed the instant motion seeking, in part, a stay of proceedings or an extension of time of 120 days to respond to the Court's order. Dkt. 10.

ORDER GRANTING MOTION FOR EXTENSION,
DENYING MOTION FOR COUNSEL, AND DIRECTING
PLAINTIFF TO SHOW CAUSE - 1

The branch of plaintiff's motion requesting an extension of time (Dkt. 10) is GRANTED. **On or before April 8, 2019,** plaintiff may either (1) show cause why his complaint should not be dismissed, or (2) he may file an amended complaint to cure, if possible, the deficiencies explained above.

## Motion to Appoint Counsel

Plaintiff's motion also requests court-appointed counsel. Dkt. 10. In support of his motion plaintiff states that he has PTSD, he is not an attorney, and he does not understand the proceedings. Dkt. 10.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

1       Plaintiff indicates he has PTSD, is not an attorney, and does not understand the proceedings. Dkt. 10. The fact that plaintiff is not an attorney is not an exceptional circumstance warranting the appointment of counsel. Furthermore, plaintiff has not shown he is unable to articulate his claims *pro se*. Plaintiff has successfully filed several documents, including his complaint and this motion, in which he has thus-far demonstrated an adequate ability to articulate himself. Plaintiff has also been able to articulate the factual and legal basis of his claims in the complaint, even though, as discussed in the Court's Order to Show Cause or Amend the Complaint (Dkt. 9), the Court found those claims as stated to be deficient.

      Furthermore, at this point plaintiff has not yet filed a serviceable complaint and, as such, it is premature to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex. In sum, plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel. The branch of plaintiff's motion seeking appointment of counsel (Dkt. 10) is therefore DENIED**.**

### Request to be Exempted from E-Filing

      Plaintiff has also filed a letter requesting that he be permitted to file his court documents by mail. Dkt. 4. The Prisoner E-Filing Initiative requires all prisoner litigants to participate in the e-filing project. *See* General Order No. 06-16 & General Order No. 02-15 ("Participation in the E-Filing Pilot Project is **mandatory** for all prisoner litigants[.]"). The Clerk has notified the plaintiff on several occasions that electronic filing is mandatory and that he should submit his documents to the Law Librarian/designee for electronic filing. Plaintiff alleges, without detail, that he does not know how to file legal papers electronically and that no one will help him. Dkt. 4.

ORDER GRANTING MOTION FOR EXTENSION,
DENYING MOTION FOR COUNSEL, AND DIRECTING
PLAINTIFF TO SHOW CAUSE - 3

Plaintiff is directed to provide a written, detailed explanation regarding why he is failing to comply with the mandatory E-Filing Program. Specifically, plaintiff should indicate what specific attempts he has made to comply with the program including who he has spoken to, whether he has contacted the prison law librarian or other designee, and what responses he has received. This explanation must be provided to the Court on or before **January 7, 2019**. If plaintiff fails to provide a meaningful response to this Order, all future filings submitted by plaintiff after January 7, 2019, not in compliance with the E-Filing Program will be returned to him unfiled.

Dated this 4th day of December, 2018.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION FOR EXTENSION,
DENYING MOTION FOR COUNSEL, AND DIRECTING
PLAINTIFF TO SHOW CAUSE - 4