UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL MARKS,<br><br>                         Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                         Defendants. | Case No. C18-5516-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **June 28, 2019** |

Plaintiff, Paul Marks, who is currently confined at Coyote Ridge Corrections Center, filed a complaint purporting to sue the State of Washington, the Department of Corrections (DOC), and John Doe Corrections Officers 1-20. Dkt. 1-1, 7. Plaintiff's complaint form (Dkt. 1-1, 7) does not provide any information regarding the substance of his claims but refers generally to roughly 200 pages of exhibits including grievances, incident reports, complaints and filings in a separate state court action, as well as some pages of narrative by the plaintiff. Dkt. 1-1, 7. The exhibits appear to relate to at least five separate and distinct transactions or occurrences on different dates or time periods: (1) on and around July 20, 2016; (2) on and around July 27, 2016; (3) on and around October 29, 2016; (4) on and around January 22, 2015; and (5) on and around December 22, 2014. *Id.*

The Court declined to serve the complaint because it contained numerous deficiencies. Dkt. 9. However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his complaint should not be dismissed by November 23, 2018.

REPORT AND RECOMMENDATION - 1

1  *Id.* Plaintiff was further advised that if the amended complaint was not filed or if it failed to
2  adequately address the deficiencies identified by the Court, the undersigned would recommend
3  dismissal of this action under 28 U.S.C. § 1915, as frivolous or for failure to state a claim, and
4  the dismissal would count as a "strike" under 28 U.S.C. § 1915(g). *Id.*
5      On November 13, 2018, plaintiff filed a motion to extend his deadline to file an amended
6  complaint by 120 days. Dkt. 10. That motion was granted and plaintiff was granted an extension
7  to April 8, 2019, to file an amended complaint or show cause why his complaint should not be
8  dismissed.  Dkt. 11. To date, plaintiff has failed to file an amended complaint or otherwise
9  respond to the Court's order.
10     Accordingly, the undersigned recommends that the action be dismissed with prejudice as
11 against defendants the State of Washington and the Department of Corrections as they are
12 improper defendants. The Court further recommends that plaintiff's claims pertaining to the
13 events allegedly occurring in or around December 22, 2014, and January 21 and 22, 2015, be
14 dismissed with prejudice for failure to state a claim as they are untimely on the face of the
15 complaint. The undersigned recommends that plaintiff's remaining claims be dismissed without
16 prejudice for failure to state a claim.
17     Alternatively, if the Court declines to adopt the above recommendation, the undersigned
18 recommends the action be dismissed without prejudice based on plaintiff's failure to comply
19 with a court order and prosecute his case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.
20 1992), *as amended* (May 22, 1992) ("[T]he district court may dismiss an action for failure to
21 comply with any order of the court."); *and see Hells Canyon Pres. Council v. U.S. Forest Serv.*,
22 403 F.3d 683, 689 (9th Cir. 2005) ("'[Fed. R. Civ. P. 41(b)] has long been interpreted to permit
23 courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules
24
25

REPORT AND RECOMMENDATION - 2

1  of civil procedure or court's orders.'") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th
2  Cir. 2003)).

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984). A complaint may incorporate documents by reference; but, the documents must actually be referred to in conjunction with a specific claim – mere mention of a document is not sufficient to incorporate the contents into the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-04 (9th Cir. 2018).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

REPORT AND RECOMMENDATION - 3

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

## I. Deficiencies in the Complaint as a Whole

The Court identified several deficiencies in plaintiff's complaint as a whole and provided him an opportunity to cure those deficiencies as described below. Dkt. 9.

### a. Improper Defendants

Plaintiff names the State of Washington and the DOC, a state agency, as defendants in this action. Plaintiff was advised that states and state agencies are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989; *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). He was further advised that states and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). Dkt. 9. The State of Washington has not waived its Eleventh Amendment immunity. *McConnell v. Critchlow*, 661 F.2d 116 (9th Cir. 1981); *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, plaintiff was advised the State of Washington and the DOC cannot be named as defendants. Dkt. 9.

### b. "John Doe Corrections Officers" and Other Potential Defendants

Plaintiff's complaint also names "John Doe Corrections Officers 1-20." While there are references to the names of various corrections officers and other DOC employees in some of plaintiff's attached exhibits such as in grievances and incident reports, as well as some of the narrative portions of his exhibits, plaintiff does not identify or name any of these individuals as

defendants on his complaint form (Dkt. 1-1, 7). Plaintiff was advised that the Court was unable to determine who plaintiff was intending to name as defendants in this action. Dkt. 9. Plaintiff was advised that to the extent he was seeking to name any of the individual corrections officers or other individuals mentioned in his various attached exhibits as defendants that in his amended complaint he should use Section III of the complaint form provided by the court to identify each of the individual defendants who are sued in their individual capacity, and any defendant who is sued in his or her official capacity. *Id.*

      ***c.*** *Rule 8, Personal Participation, and Stating a Claim under §1983*

Plaintiff was advised that his complaint, as written, fails to comply with the requirements of Rule 8. Dkt. 9. Plaintiff's complaint form (Dkt. 1-1, 7) fails to give this Court any specifics about the factual basis for any of his claims – instead, he filled out the Court's complaint form to say merely "see submittals", which apparently refers generally to roughly 200 pages of exhibits including grievances, incident reports, complaints and filings in a separate state court action, as well as some pages of narrative by the plaintiff. *Id.*

Plaintiff was advised that if he filed an amended complaint he should write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See id.; Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Plaintiff was advised that if the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so

in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See* Dkt. 9; *Monell v. NYC Dept. of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff was advised that he must repeat this process for each person he names as a defendant, including any "John Doe" (or "Jane Doe") defendants. Dkt. 9. Plaintiff was further advised that if he failed to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. *Id.* He was advised that conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed. *Id.*

### d. *Exhaustion of Available Administrative Remedies*

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff was advised that exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Plaintiff was advised that inmates are required to fully exhaust available administrative remedies; they also must exhaust those remedies in a timely manner; and they must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). He was further advised that to effectively exhaust his administrative remedies, an inmate

is required to use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims by bringing grievances that are detailed and factual, including enough specifics to notify officials of the alleged harm. *Id*. at 1120.

In his complaint, plaintiff indicates that he has not filed grievances concerning the facts relating to this complaint because he is "not a attorney and has PTSD from stress disorder and is unable to prosecute this claim." Dkt. 1-1, at 2. Yet some grievance forms plaintiff filed related to some of his claims are included as plaintiff's exhibits. Plaintiff was instructed that if he filed an amended complaint, he should clarify whether or not he has filed grievances concerning the facts relating to any of the claims raised in his complaint and -- if he has not – he must explain in detail why he has failed to do so.

Plaintiff was given a reasonable opportunity to address the above deficiencies in his complaint as a whole but he has failed to do so and his complaint should be dismissed on this basis alone. *See Ferdik*, 963 F.2d at 1260. However, in addition to the foregoing pleading requirements, and deficiencies in the complaint, the Court provided plaintiff with some of the legal standards that *may* apply to his numerous claims and provided him notice of the deficiencies of his complaint in meeting those standards.

**II.    Specific Claims and Deficiencies**

    **a.    Events On or Around July 20, 2016 and July 27, 2016**

        *i.    Excessive Force*

Plaintiff submits several pages entitled "chronology of events 7-20-16 forward" in his complaint. Dkt. 1-3, at 20-25; Dkt. 1-6, at 20-23. The first section of this narrative states that on

1  July 20, 2016, for reasons unknown to plaintiff, he was ordered by Sgt. Finn to "stand for
2  search." Dkt. 1-3, at ¶¶ 1-15.

3  Plaintiff indicates he moved to Sgt. Finn's location and stood waiting to be searched. *Id.*
4  After standing for 30 seconds, without being searched, Sgt. Finn ordered plaintiff back to his
5  unit. *Id.* Plaintiff states he was confused and before he could react or move, "2 or 3 C/O's
6  attacked me, one twisting my head and neck … meanwhile I was handcuffed with all the C/O's
7  yelling 'STOP RESISTING', which I was not[.]" *Id.*

8  The corrections officers then lead plaintiff back toward the F-unit when his left leg gave
9  out "and/or I was tripped." *Id.* On the way down, plaintiff alleges "a C/O kneed me in the
10 stomach as hard as he could … my head and neck were again twisted." *Id.* Plaintiff states he fell
11 to the ground and the corrections officers continued to "pummel" him. *Id.* Plaintiff indicates he
12 was unable to walk and so was taken in a wheelchair to a holding cell in the IMU and "dumped"
13 on the floor where he became unconscious. *Id.*

14 The Eighth Amendment governs post-conviction claims of excessive force. The core
15 inquiry under the Eighth Amendment standard is whether the force was applied "in a good-faith
16 effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v.*
17 *McMillian*, 503 U.S. 1, 6-7 (1992).

18 The extent of the injury suffered by the plaintiff is a relevant but not dispositive
19 consideration. *Hudson*, 503 U.S. at 7. While the Eighth Amendment does not reach *de minimis*
20 uses of physical force, a claim is not foreclosed merely because the resulting injury was only
21 minimal. 503 U.S. at 9-10; *Wilkins v. Gaddy*, 599 U.S. 34, 38-39 (2010).

22 In determining whether force is excessive, the court evaluates whether the defendants had
23 a subjectively wanton state of mind when they engaged in the use of force, including considering

24
25

REPORT AND RECOMMENDATION - 8

1  the following factors: the need for the application of force; the relationship between that need
2  and the amount of force used; the threat reasonably perceived by the defendants, and any efforts
3  made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.
4      Plaintiff was advised of the above standards and that his complaint describes facts which
5  may allege a potential claim for excessive force. However, plaintiff was advised that his claim
6  was deficient because: he did not name Sgt. Finn as a defendant or identify any of the corrections
7  officers allegedly involved; he did not allege who took what action; he did not allege whether
8  any person failed to take action if such person had a duty to act; and he did not allege any causal
9  connection between acts or omissions of specific defendant(s), and a constitutional violation.
10 Plaintiff attaches various grievance forms and incident reports which appear to relate to this
11 event and which include the names of some corrections officers. However, plaintiff has not
12 named any of these corrections officers as defendant(s) and he does not describe what he
13 believes each person did (or failed to do) to cause a violation of his constitutional rights. Plaintiff
14 was advised that until he identified defendant(s), acts or omissions of defendant(s), and a causal
15 connection between the acts and omissions and a constitutional violation, his complaint could not
16 go forward.
17     Plaintiff was given ample opportunity to properly identify a defendant or defendants and
18 include additional factual allegations relating to this claim but he has failed to do so and this
19 claim should be dismissed.
20         *ii. Medical Indifference*
21     The next section of plaintiff's narrative of events alleges that after he was left in his cell
22 by the unnamed corrections officers and lost consciousness, he awoke in bed the next day, in a
23 hospital, with tubes down his nose and throat. Dkt. 1-3, at ¶¶16-53. Plaintiff objects to the
24
25

REPORT AND RECOMMENDATION - 9

medical care he received both in the hospital as well as when he was returned to the prison. Plaintiff lists several individuals who it appears he believes failed to provide him with proper medical care. Specifically, plaintiff lists a male nurse at the hospital, an unnamed corrections officer, PA Light, Dr. Smith, RN Skinner and C.O. Dickerson. However, plaintiff fails to name these individuals as defendants in the action or specifically link their conduct to an alleged constitutional violation.

The Court also notes that plaintiff also attaches several incident reports related to events on July 27, 2016. Dkt. 1-6, at 9-18. The incident reports appear to indicate plaintiff was found on the floor convulsing and unresponsive, that several nurses and corrections officers entered, he was moved to the medical building and later admitted to the "IPU." *Id.* However, aside from attaching these incident reports, plaintiff fails to name any of the nurses or corrections officers as defendants and does not appear to make any specific allegations that his constitutional rights were violated in any way during this incident.

To state a constitutional claim for lack of medical care, a plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059.

REPORT AND RECOMMENDATION - 10

Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Moreover, a plaintiff cannot succeed on the merits based on a claim of negligence or his own general disagreement with the treatment he has received. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

Plaintiff was advised of the above standards and deficiencies and that his complaint fails to properly identify a defendant and states insufficient facts to state a claim for medical indifference. In order to state a claim for medical indifference, plaintiff was advised he must properly identify a defendant or defendants and allege facts to establish that the defendant(s) knew of and disregarded an excessive risk to his health or safety.

Plaintiff was given ample opportunity to properly identify a defendant and include additional factual allegations relating to this claim but he has failed to do so and this claim should be dismissed.

        *iii. Verbal Harrassment*

Plaintiff also alleges that unnamed corrections officers sang in his ear on one trip down the hallway to x-ray "in an attempt to annoy" him or use this as some kind of "PSYOPS." Dkt. 1-3, at 22. Plaintiff should keep in mind that "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Plaintiff was advised that his description of these events, without more, does not establish a constitutional violation.

1    Plaintiff was given ample opportunity to properly identify a defendant and include
2    additional factual allegations relating to this claim but he has failed to do so and this claim
3    should be dismissed.

4    *iv.  Retaliation*

5    Plaintiff also alleges that in "retaliation" for his "singing" in response to questioning by
6    an unnamed corrections officer and unidentified woman, he was moved to an "F-unit"
7    observation room which "reeked", the toilet was "funky" and the sink dirty and stained. Dkt. 1-3,
8    at ¶¶31-32.

9    "A prisoner suing prison officials under 1983 for retaliation must allege that he was
10   retaliated against for exercising his constitutional rights and that the retaliatory action does not
11   advance legitimate penological goals, such as preserving institutional order and discipline."
12   *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam) (*citing Rizzo v. Dawson*,
13   778 F.2d 527, 532 (9th Cir.1985)). These claims must be evaluated in the light of the deference
14   that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995).
15   The prisoner must establish a link between the exercise of constitutional rights and the allegedly
16   retaliatory action. *Id.* Finally, the prisoner must demonstrate that his first amendment rights were
17   actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th
18   Cir. 2000).

19   Plaintiff was advised of the above standards and that he has failed to properly identify a
20   defendant and states insufficient facts to state a claim for retaliation. To properly state a claim of
21   retaliation, plaintiff was advised he must not only name the individuals and identify the
22   constitutional activity in which he was engaged, he must also describe what retaliatory action
23   each individual took, explain why the action did not advance legitimate penological goals, and

24
25

REPORT AND RECOMMENDATION - 12

describe how his First Amendment rights were actually chilled by the retaliatory action. Plaintiff was advised that if he intended to pursue this claim, he should include all of his factual allegations against any of the defendants relating to his claim or claims of retaliation in one section of his amended complaint.

Plaintiff was given ample opportunity to properly identify a defendant and include additional factual allegations relating to this claim but he has failed to do so and this claim should be dismissed.

        *v.*   Other Claims

Plaintiff was advised that to the extent he intended to raise other claims with respect to July 20, 2016 and July 27, 2018, in his amended complaint he must allege facts sufficient to satisfy the five requirements for stating a claim, namely: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo*, 423 U.S. at 371–72.

Plaintiff was given ample opportunity to include additional factual allegations relating to any other claims he intended to raise in his complaint but failed to do so.

    **b. Events On or Around October 17, 2016**

In another section of the exhibits attached to his complaint, plaintiff contends he was harassed by his cell mate and, although he was told by his counselor he would not have to move from his cell, he was ordered to move to another cell on an upper level. Dkt. 1-6, at 20-30. Plaintiff contends he was recovering from surgery and believed he had an "HSR" indicating he needed to be assigned to a lower bunk on a lower tier. *Id.*

Plaintiff states he was infracted for refusing to change his cell assignment. *Id.* Plaintiff appears to take issue with these events but it is unclear to the Court exactly what rights he is alleging were violated. Plaintiff was advised that if he believes in good faith he has a basis to proceed with any claims related to this occurrence in his amended complaint he must allege facts sufficient to set forth: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo*, 423 U.S. at 371–72.

Plaintiff was given ample opportunity to include additional factual allegations relating to this claim but he has failed to do so and this claim should be dismissed.

### c. Events On or Around October 29, 2016

Plaintiff submits various documents attached to his complaint which appear to relate to a state court action wherein plaintiff alleged his toilet overflowed and unidentified individuals failed to adequately clean his cell. Dkt. 1-2. However, plaintiff's complaint alleges nothing in narrative form with respect to *this* case nor does he identify what constitutional or federal statutory right he believes was violated.

Plaintiff was advised that the Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. Plaintiff was advised that to the extent he intends to challenge his conditions of confinement related to this incident as violating the Eighth Amendment, he must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the plaintiff must

make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*.

Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, "those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).

The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. "The more basic the need, the shorter the time it can be withheld." *Hoptowit*, 682 F.2d at 1259; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir.1995). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson*, 45 F.3d at 1314; *see also Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000); *Hoptowit v.* 753 F.2d at 783.

Plaintiff was advised of the above standards and that if he intended to pursue this claim he could not simply attach documents related to a different lawsuit but must make any allegations in narrative form on the Court's complaint form or (if there is insufficient space) on an additional sheet attached to that form. He was also advised that he must identify the individuals he believes are responsible as defendants and include all of his factual allegations relating to his conditions of confinement against specifically named defendants in one section of

his amended complaint. Plaintiff was further advised that he should also explain the conditions he is challenging in detail and explain how he believes those conditions violated his rights.

Plaintiff was given ample opportunity to identify proper defendants and include additional factual allegations relating to this claim but he has failed to do so and this claim should be dismissed.

### *d.* Events On or Around December 22, 2014, and January 21, 22, 2015

Plaintiff attaches what appear to be documents also related to a state court action indicating that on or around December 22, 2014, a corrections officer inadvertently hit plaintiff in the mouth causing pain and swelling and that he was denied pain medication for his injuries. Dkt. 1-2, at 34-44. Plaintiff also appears to allege that on January 21 or 22, 2015, he was assaulted by another inmate and that he was subsequently provided inadequate medical care for his injuries. Dkt. 1-3, at 1-19.

Plaintiff was advised that any claims related to these events appeared to be untimely and barred by the statute of limitations. Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); *see Belanus v. Clark*, 796 F.3d 1021, 1024-27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening

pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Here, it appears from the face of the complaint that the plaintiff had actual knowledge of the facts related to the claims alleged in December 2014 and January 2015 respectively. The time for filing a lawsuit expired three years later in December 2017 and January 2018. Plaintiff initially presented his motion to proceed *in forma pauperis* to the court on June 22, 2018, several months after the last possible date the statute of limitations expired with respect to claims arising from both of these incidents. Plaintiff has not shown statutory or equitable tolling is applicable in this case.

Plaintiff was advised of the above issues and given ample opportunity to show cause why these claims should not be dismissed as untimely. Plaintiff has failed to show cause or amend and, as such, the undersigned recommends that these claims be dismissed *with prejudice* as untimely.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court is required to "liberally construe the 'inartful pleading' of pro se litigants", *Boag v. MacDougall,* 454 U.S. 364, 365 (1982), and therefore – despite the plaintiff's failure to provide any factual detail about his claims in the original complaint -- leave to amend and guidance was provided by the Court. However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given ample opportunity to address the deficiencies identified by the Court in an amended complaint but he failed to do so or to respond to the Court's order in any manner.

Therefore the Court recommends that all claims against defendants the State of Washington and the Department of Corrections be **DISMISSED with prejudice** as they are

REPORT AND RECOMMENDATION - 18

improper defendants. The Court further recommends that plaintiff's claims relating to the events allegedly occurring in or around December 22, 2014, and January 21 and 22, 2015, be **DISMISSED with prejudice** for failure to state a claim as they are untimely on the face of the complaint. The Court recommends that the remainder of plaintiff's claims be **DISMISSED without prejudice** for failure to state a claim – because plaintiff failed to file an amended complaint or otherwise respond to the Court's order, the Court is unable to determine whether these remaining claims are, potentially, capable of amendment. The Court further recommends that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

Alternatively, if the Court declines to adopt the above recommendation, the undersigned recommends the action be dismissed in its entirety without prejudice based on plaintiff's failure to comply with a court order and prosecute his case. *See Ferdik*, 963 F.2d at 1260.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **June 28, 2019**, as noted in the caption.

Dated this 6th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge